UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISAIAH Z. SMITH, #742633,

        Petitioner,

                                                CASE NO. 2:13-CV-13378
v.                                          HONORABLE GERALD E. ROSEN

CINDI CURTAIN,

        Respondent.

_____/

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING MOTION TO HOLD PETITION IN ABEYANCE, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I. Introduction**

Michigan prisoner Isaiah Smith has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights, as well as a motion to hold his petition in abeyance. Petitioner pleaded guilty to second-degree murder, first-degree home invasion, felon in possession of a firearm, and possession of a firearm during the commission of a felony in the Genesee County Circuit Court and was sentenced to 40 to 60 years imprisonment on the murder conviction, a concurrent term of 8 to 30 years imprisonment on the home invasion conviction, 3 to 7 years imprisonment on the felon in possession conviction, and a consecutive term of 2 years imprisonment on the felony firearm conviction in 2011.

In his habeas petition, Petitioner raises claims concerning the voluntariness of his plea, the effectiveness of trial counsel, and the trial court's refusal to allow him to withdraw his plea or conduct an evidentiary hearing. Petitioner admits that his issues are unexhausted and seeks to hold

his petition in abeyance. For the reasons set forth, the Court dismisses without prejudice the petition for writ of habeas corpus and denies the motion to hold the petition in abeyance. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

## II. Procedural History

Following his convictions and sentencing, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals essentially raising the same claims presented in his petition. The Michigan Court of Appeals denied the application for lack of merit in the grounds presented. *People v. Smith*, No. 310867 (Mich. Ct. App. Aug. 22, 2012) (unpublished). Petitioner did not timely appeal that decision to the Michigan Supreme Court.

Petitioner dated his federal habeas petition, as well as his motion to hold his petition in abeyance, on August 1, 2013. Petitioner indicates that he intends to file a motion for relief from judgment with the state trial court raising the same claims presented in his habeas petition, as well as a claim that appellate counsel was ineffective for failing to advise him of the time limits for pursuing an appeal with the Michigan Supreme Court.

## III. Analysis

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he or she seeks to present in a federal habeas proceeding to the state courts for review. The claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for

the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be raised in the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden. He admits that he has not exhausted any of his habeas claims in the state courts and that he intends to pursue state collateral review of his claims. Petitioner must complete the state court process before seeking habeas relief in this Court. Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon Petitioner's claims before he can present those claims to this Court. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

Petitioner seeks to hold his habeas petition in abeyance so that he may exhaust his claims in the state courts. A federal court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause" for the

3

failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id.* at 277.

In this case, however, a stay (or holding the petition in abeyance) would be inappropriate because all of Petitioner's claims are unexhausted. Consequently, the Court lacks jurisdiction over the petition while Petitioner pursues his claims in the state courts. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (declining to extend the stay and abeyance procedure enunciated in *Rhines* when the habeas petition contains only unexhausted claims); *Warren v. Warren*, No. 13-CV-11234, 2013 WL 1875948, *2-3 (E.D. Mich. May 3, 2013) (finding that a stay was unwarranted where all of the habeas claims were unexhausted); *Wilson v. Warren*, No. 06-CV-15508, 2007 WL 37756, *2 (E.D. Mich. Jan. 4, 2007) (same); *McCreary v. Smith*, No. 04-CV-60202-AA, 2005 WL 1349114, *3 (E.D. Mich. May 25, 2005) (citing *Hust v. Costello,* 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004)).

Moreover, Petitioner has sufficient time to exhaust his issues in state court and return to federal court if necessary. The Michigan Court of Appeals denied leave to appeal on August 22, 2012. Petitioner then had 56 days to appeal that decision to the Michigan Supreme Court. Mich. Ct. Rule 7.302(C)(2). He did not do so. Thus, his direct appeal concluded 56 days later – on or about October 17, 2012 – when the time for seeking leave to appeal with the Michigan Supreme Court ended. *See Gonzalez v. Thaler*, _ U.S. _, 132 S. Ct. 641, 656 (2012) (when a petitioner does not seek review in a state's highest court, the judgment becomes final when the time for seeking such review expires). Petitioner then had one year to seek federal habeas relief, absent additional filings in state court. Petitioner dated his habeas petition for mailing on August 1, 2013. Thus, only

9½ months of the one-year period had expired when Petitioner instituted this action. While the time in which this case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled. *Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). The limitations period will also be tolled during the time in which any properly filed post-conviction or collateral actions are pending in the state courts. 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Given that approximately 2½ months of the one-year period remains, Petitioner has sufficient time to exhaust his issues in the state courts and return to federal court should he wish to do so. A non-prejudicial dismissal of the petition is warranted.

### IV.  Conclusion

For the reasons stated, the Court concludes that Petitioner has not exhausted his state court remedies as to any of his habeas claims. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus and **DENIES** the motion to hold the petition in abeyance.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of

reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith. FED. R. APP. P. 24(a). This case is closed.

    **IT IS SO ORDERED**.


                                    s/Gerald E. Rosen
                                    Chief Judge, United States District Court

Dated: August 14, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 14, 2013, by electronic and/or ordinary mail.

                                    s/Julie Owens
                                    Case Manager, (313) 234-5135